ROGERS, J.
 

 (dissenting). The auction sale at which defendant became the adjudicatee of the property in question was not a judicial sale. The procés verbal of the auctioneer, evidencing the contract between the parties, shows that the adjudication was made upon the following terms and conditions, viz.:
 

 “C. A. Tessier, Jr., for the sum and price of three thousand dollars per acre * * * all subject to a survey to determine correct acreage. * * * The vendors will guarantee to the purchaser acreage as shown on the plan. Any difference disclosed by actual survey will be prorated at the purchase price per acre.”
 

 The adjudicatee accepted and approved the procés verbal as correct by placing it of record in the Conveyance Office of the Parish of Orleans and by causing the survey called for therein to be made by one of the best known and most competent surveyors in the city of New, Orleans.
 

 It is clear, therefore, by the very terms of the contract itself, that the vendors agreed to sell, and the purchaser agreed to buy, at a definite price per acre, a certain tract of land the area of which was to be determined by a survey (to be made after the auction sale), with a guaranty on the part of the vendors that the existing acreage would not be less than the approximate figures (479.25 acres) shown on the plan, and with the obligation on the part of the purchaser to take and pay fon any additional acreage which might be disclosed by the actual survey.
 

 Articles 2492 and 2493 of the Civil Code, relied on by the defendant, do not apply to a sale of this character. The sale was not made with an indication of the extent of the premises as contemplated by article 2492,' nor was the extent of the premises more than was specified in the contract as provided in article 2493. The sale here was made and accepted without any indication whatever of the exact acreage, not for a lump sum, but for a stipulated price per acre, the total consideration, by the agreement of the parties, to-be determined by a subsequent survey. In other words, the sale was made of a tract of land containing 529.07 acres (the acreage shown by the survey) at an agreed price of $3,000 per acre. - 1
 

 It is stated in the majority opinion-that:
 

 “There is no allegation in the petition, and no agreement in the record, between the parties, indicating that either the vendors or the vendee waived, or' intended to waive, any of their legal rights.”
 

 
 *901
 
 All the facts, however, are set forth in the petition, and according to these facts, as alleged, the legal rights of the parties are established and must be determined by the special contract into which they reciprocally entered, and not by the cited articles of the Civil Code which are only applicable in a case where their provisions are not excluded, directly or impliedly, by the agreement of the parties.
 

 For these reasons, I am of the opinion that the petition of plaintiff discloses a cause of action, and I therefore respectfully dissent from the conclusion reached by the majority of the court herein.